IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE DEBT EXCHANGE, INC.,<br>a Delaware corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   Case Number CIV 07-788-C<br>) |
| PATRICK BLOUNT, an individual, and<br>BENEWOLF, L.L.C., an Oklahoma limited<br>liability company, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff is a Delaware corporation with its principal place of business in Boston, Massachusetts. Plaintiff is primarily engaged in the business of full-service loan sales, acting as a broker and advisor for the sale of commercial, consumer, and specialty finance loans. Defendant Blount was employed by Plaintiff from May of 2002 until his resignation in January 2007. In August of 2002, Defendant Blount signed a Confidentiality Agreement with Plaintiff acknowledging that he, through the course of his employment, would have access and be made privy to confidential information regarding Plaintiff's business. The agreement prohibited Defendant Blount, during and after the course of his employment, from using and/or divulging any of the confidential information to which he had access. After Defendant Blount resigned from employment with Plaintiff in 2007, he formed a limited liability company, Defendant BeneWolf, LLC, which engaged in the same services as Plaintiff. Plaintiff filed suit against Defendants alleging, through various claims, that

Defendant breached the Confidentiality Agreement and caused harm to Plaintiff. Defendants answered Plaintiff's Complaint denying the allegations and subsequently filed a Counterclaim alleging that Plaintiff contacted one of Defendants' clients for the purpose of interfering with their business relationship. Based on this alleged interference, Defendants have counterclaimed on the grounds of trade disparagement, interference with contract, and defamation.

Plaintiff filed the present motion seeking dismissal of the claims of trade disparagement and defamation pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing Defendants have failed to state a claim for relief. In support of its motion, Plaintiff argues that trade disparagement is not a cause of action recognized by Oklahoma law and that Defendants have failed to properly plead defamation. Defendants have responded to Plaintiff's motion and contemporaneously asked the Court for default judgment on the counterclaim of interference with contract based on Plaintiff's failure to request dismissal with regard to this claim.

## STANDARD OF REVIEW

The standard of review for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is well-established. In ruling on a motion to dismiss for failure to state a claim, "courts should look to specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007) (citing Bell Atl. Corp. v. Twombly, -- U.S. --, --, 127 S.Ct. 1955, 1964-65 (2007)). For purposes of this analysis, the Court assumes that all well-pleaded

facts contained in the Complaint are true, views those facts in a light most favorable to the non-moving party, and resolves all reasonable inferences in the non-moving party's favor. Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).

## DISCUSSION

**Trade Disparagement**

In the first cause of action of the Counterclaim, Defendants seek damages for alleged disparaging remarks made by agents of Plaintiff to Defendants' client, Oak Hill Bank. In support of this claim, Defendants contend that representatives of Plaintiff contacted Oak Hill Bank and specifically stated that Defendants were not able to handle a large loan sale, Defendants would not be able to bring credible buyers, and that Defendants would not be in business very long. Defendants further contend that these disparaging remarks caused Defendants to lose and Plaintiff to gain Oak Hill's business. Plaintiff seeks dismissal of this cause of action on the grounds that Oklahoma does not recognize trade disparagement.

Federal Rule of Civil Procedure 8(a)(2) requires "[a] pleading that states a claim for relief [to] contain a short and plain statement [of the claim] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is well established that the "purpose of 'fact pleading,' as provided by Fed. R. Civ. P. 8(a)(2), is to give the defendant fair notice of the claims against him without requiring the plaintiff to have every legal theory or fact developed in detail before the complaint is filed and the parties have opportunity for discovery." Evans v. McDonald's Corp., 936 F.2d 1087, 1091 (10th Cir. 1991). "'The Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a

claim.'" Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir. 1986) (quoting Auster Oil & Gas, Inc. v. Stream, 764 F.2d 381 (9th Cir. 1985)). Rule 12(b)(6) dismissal is considered "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Id. "A claim may only be dismissed under Rule 12(b)(6) in two instances: the claim is premised upon an unrecognized legal theory of liability or the complaint fails to contain sufficient facts, either direct or inferential, that support each element of a legally cognizable claim." Stewart v. KFOR-TV, 2006 WL 517656, at *2, No. CIV-05-1103-C (W.D. Okla. Mar. 2, 2006). "It also should be remembered that many federal courts have held that a complaint is sufficient against a motion to dismiss under Rule 12(b)(6), if it appears from the complaint that the plaintiff may be entitled to any form of relief, even though the particular relief he has demanded and the theory on which he seems to rely are not appropriate." 5 C. Wright & A. Miller, Federal Practice & Procedure § 1219 at 194 (1990); see also Evans, 936 F.2d at 1090.

Although Defendants have improperly titled their cause of action in the Counterclaim as trade disparagement, the Complaint contains sufficient facts, when construed in a light most favorable to the non-moving party, to at least infer the legally recognized claim of unfair/deceptive trade practices. See 78 O.S. § 53(a)(8) ("A person engages in a deceptive trade practice when. . .the person. . . disparages the goods, services, or business of another by false or misleading representation of fact.") Furthermore, the facts pled by Defendants give Plaintiff sufficient notice, as required by Federal Rule of Civil Procedure 8(a), to

develop a defense. Therefore, Plaintiff's motion to dismiss Defendants' counterclaim for trade disparagement is DENIED.

**Defamation**

Defendants' cause of action for defamation likewise appears to satisfy the requirements necessary to survive a 12(b)(6) motion. "[T]here are . . . minimum requirements for a defamation claim, such as the identification and substance of the complained of statements, to whom the statements were made, and whether the statements were heard by third parties." Coffman v. United States, 2007 WL 1598635, at *1, No. CIV-07-349-F (W.D. Okla. June 4, 2007) (citing McKenzie v. MCI Worldcom, Inc., 2000 WL 1303041, No. CIV. A. 99-2517-CM (D. Kan. Aug. 29, 2000) (mem. op.)). Defendants allege that representatives of Plaintiff contacted Oak Hill Bank and made statements regarding Defendants' inability to handle large loan sales, inability to bring credible buyers, and likelihood to not last very long. Furthermore, Defendants allege that these statements occurred in or around March 2007 when Defendants were entering a business relationship with Oak Hill Bank. As the Court in Coffman noted, ". . . the federal rules call for relatively skeletal pleadings and place the burden of unearthing underlying factual details on the discovery process." Id. (addressing a Fed. R. Civ. P. 12(e) motion for more definite statement with regard to a defamation claim) (citing Daley v. Regional Transp. Dist., 142 F.R.D. 481, 485 at n.3 (D. Colo. 1992)).

Plaintiff claims that the alleged statements of which Defendants complain are opinion and business puffery, thereby preventing the statements from being actionable under

defamatory law.  However, "[u]nder the law of defamation, an expression of opinion [can] be defamatory if the expression was sufficiently derogatory of another as to cause harm to his reputation, so as to . . . deter third persons from associating or dealing with him." Rest. 2d. of Torts § 566 (1977) (citing Rest. 2d. Torts § 569 (1977)).  Defendants' counterclaim alleges that the statements made, even if they were opinion, deterred Oak Hill Bank from continuing its business relationship with Defendant BeneWolf, LLC.  Furthermore, Oak Hill Bank subsequently entered into a business relationship with Plaintiff.  The Court finds that Defendants have sufficiently pled a cause of action for defamation.  Therefore, Plaintiff's motion to dismiss Defendants' counterclaim is denied.

**Interference with Contract**

Plaintiff did not file a motion to dismiss Defendants' counterclaim for interference with contract; however the Court will briefly address this issue as Defendants have taken Plaintiff's failure to move for dismissal as an opportunity to ask the Court to grant default judgment.  It is well-established that a plaintiff may file a partial motion for dismissal.  See Lyles v. Burke, 2007 WL 715667, No. 06-CV-01604-WDM-MJW (D. Colo. Mar. 7, 2007); Salt Creek, L.P. v. City of Warr Acres, 2002 WL 32026152, No. CIV-01-1500-F (W.D. Okla. June 13, 2002).  While a partial motion to dismiss may bear some consequences, it does not warrant the Court's granting a default judgment on an unacknowledged claim when a defendant requests this action in the same document as its response.  In fact, this exact scenario is prohibited by LCvR 7.1 which states "[a] response to a motion may not also include a motion or a cross-motion made by the responding party."  Defendants' request

amounts to a motion for default judgment and since it is not contained in a separate pleading, as required, it will be denied.

## CONCLUSION

Based on the Court's finding that Defendants have sufficiently pled unfair/deceptive trade practices and defamation to satisfy Federal Rule of Civil Procedure 8(a) and the minimum standard required to defeat dismissal under Federal Rule of Civil Procedure 12(b)(6), Plaintiff's Motion to Dismiss (Docket No. 29) is hereby DENIED as to both claims. Furthermore, Defendants request for default judgment on the counterclaim for interference with contract is DENIED.

IT IS SO ORDERED this 26th day of February, 2008.

_____
ROBIN J. CAUTHRON
United States District Judge