IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE DEBT EXCHANGE, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case Number CIV 07-788-C |
| PATRICK BLOUNT, an individual, and BENEWOLF, LLC., an Oklahoma limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this action alleging Defendant Blount violated the terms of a Confidentiality Agreement he signed while employed by Plaintiff. The parties are participating in discovery at this time.

Plaintiff filed the present motion alleging Defendants have failed to provide an adequately detailed privilege log and have failed to properly respond to other requests. In response, Defendants note the extent of their responses and assert that Plaintiff's requests have imposed an unreasonable financial burden. According to Defendants, the relevant business records are maintained electronically and in response to Plaintiff's discovery requests, the parties agreed for a third party to duplicate these electronic records. Defendants' counsel then reviewed the documents, a process which purportedly took 47 days. Defendants' counsel identified documents which were protected from

disclosure by the attorney-client privilege or other confidentiality provisions. It is these sets of documents that are the subject of the present dispute.

Plaintiff argues that the privilege log compiled by Defendants fails to disclose the parties to the conversation, the dates of the communication, or the nature or subject matter of the conversation and thus fails to comply with the requirements of Fed. R. Civ. P. 26(b)(5)(A). After review of the privilege log, which is attached to Plaintiff's motion, the Court finds Plaintiff's position well taken. In its current form, Defendants' privilege log fails to provide either the Court or Plaintiff with the required information. Defendants argue that the volume of discovery already conducted is overly burdensome and to be forced to review the documents yet again to prepare a more detailed log would impose an unreasonable financial burden on Defendants. The fallacy in Defendants' argument is that any additional burden was created by their failure to do the job properly in the first place. The requirements of Rule 26(b)(5)(A) are clear, and had Defendants followed those requirements in the first instance there would be no need to do so now. To the extent Defendants argue the discovery requests are unduly burdensome, that is an issue that should have been raised prior to the date Defendants' discovery responses were due. Plaintiff's motion will be granted on this issue.

Plaintiff also complains about the production of documents related to borrowers. According to Plaintiff, much of the withheld information is not protected by attorney-client privilege, instead Defendants assert these documents related to borrowers are

2

protected by other privacy considerations.  Defendants concede that the documents were withheld based on privacy concerns because of the borrower information contained therein.  Defendants admit that the documents can be redacted but that the redaction process would be unduly burdensome.  However, as Plaintiff notes in its reply, the actual number of documents requiring redaction is substantially smaller than asserted by Defendants.  Thus, Defendants have failed to satisfy their burden of proving that complying with Plaintiff's request is overly burdensome.  Accordingly, Defendants shall produce redacted documents.

Finally, combined with the response to Plaintiff's motion, Defendants have requested that the Court enter a Protective Order to protect them from Plaintiff's discovery.  For the reasons set forth above, the Court finds Defendants are not entitled to a Protective Order and their request will be denied.  Defendants have also filed a document entitled Defendants' Second Discovery Requests to Plaintiff.  Pursuant to Fed. R. Civ. P. 5(d)(1), Interrogatories and Requests for Production are not to be filed.  Accordingly, Defendants' Second Discovery Requests to Plaintiff will be stricken.  However, to the extent not objectionable, Plaintiff must answer this discovery.

As set forth more fully herein, Plaintiff's Motion to Compel Privilege Log and Production of Documents (Dkt. No. 39) is GRANTED.  Defendants shall produce the materials outlined herein within 15 days from the date of this Order.  Defendants' Motion

for Protective Order (Dkt. No. 41) is DENIED. Defendants' Second Discovery Requests to Plaintiff (Dkt. No. 40) is STRICKEN.

IT IS SO ORDERED this 30th day of May, 2008.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge